## UNITED STATES ex rel. YONICK v. BRIGGS.

(District Court, W. D. Pennsylvania. June 19, 1920.)

1. **Courts ⟨⟩366(1)—State decision as to the constitutionality of the state statute binding on federal court.**

A decision of the highest court of the state, upholding the validity under the state Constitution of a state statute, is binding on the federal courts.

2. **Jury ⟨⟩21(3)—Act relating to delinquent children not invalid, as denying right to trial by jury.**

Act Pa. April 23, 1903 (P. L. 274), giving the juvenile court jurisdiction of dependent and neglected children, and allowing the commitment of such a child without trial by jury, is not in violation of Const. U. S. art. 3, § 2, par. 3, providing that the trial of all crimes except impeachment shall be by jury, for the state, in caring for delinquent children, merely exercises its right of parens patriæ.

3. **Constitutional law ⟨⟩83(1)—Infants ⟨⟩12—Delinquent child act held not to invade the right to be secure in person.**

Act Pa. April 23, 1903 (P. L. 274), giving the juvenile court jurisdiction of neglected and dependent children under the age of 16, is not invalid in taking away the right of people to be secure in their houses, etc.

4. **Habeas corpus ⟨⟩17—Federal courts will not grant writ, unless applicant is held in custody in violation of the federal Constitution; "due process."**

Under Rev. St. § 753 (Comp. St. § 1281), federal courts will not grant a writ of habeas corpus to secure the release of one held in custody by state officials, unless he is held in custody in violation of the federal Constitution, and if the conviction in the state court is based on a law not repugnant to the Constitution, habeas corpus will not lie unless jurisdiction is lacking; notice and hearing according to established procedure being sufficient due process to give jurisdiction.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Due Process of Law.]

5. **Jury ⟨⟩21(3)—Delinquent children, who had reached 16, not entitled to jury trial, where court had secured jurisdiction before that time.**

Though Act Pa. April 23, 1903 (P. L. 274), giving the juvenile court jurisdiction over minors under 16, makes no provision for jury trials, a delinquent child of whom the juvenile court has already taken jurisdiction is not, on reaching 16, entitled to jury trial; it appearing that he was first arrested on a larceny charge and committed as a delinquent, but that the criminal charge was never tried, etc., and hence he cannot obtain release from commitment on habeas corpus issued out of the federal court.

At Law. Petition by the United States, on the relation of Mary Yonick, for writ of habeas corpus against Franklin H. Briggs, to secure the release of George Yonick, a minor. Petition denied, and the minor remanded.

E. L. Kearns and George P. Henning, both of Pittsburgh, Pa., for petitioner.

E. Z. Smith and John D. Evans, both of Pittsburgh, Pa., for respondent.

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

THOMSON, District Judge. The writ in this case was issued on the petition of Mary Yonick, a citizen of the state of Galicia, now a resident of Pittsburgh, which avers that her minor son, George Yonick, who was born in Pittsburgh, Pa., is now of the age of 16 years, and that he was committed on April 15, 1918, to the care and custody of Franklin H. Briggs, superintendent of Thorn Hill School, by commitment of a judge of the county court of Allegheny county, claiming to have jurisdiction as a juvenile court; the commitment setting forth that the said George Yonick was a delinquent. The petition alleges that he is unlawfully restrained, held, and detained by the superintendent of said school, and his personal liberty taken away, without due process of law, and that said child was not a delinquent at the time of his commitment; that the act of assembly of Pennsylvania, giving authority to a judge of the juvenile court to commit a child without trial by jury, violates paragraph 3 of section 2 of article 3 of the Constitution of the United States, which provides that "the trial of all crimes, except in cases of impeachment, shall be by jury"; that the acts of assembly creating the juvenile court of Allegheny county, Pa., are unconstitutional, in that they take away the right of the people to be secure in their persons, houses, etc.; that the juvenile court has jurisdiction only of children under the age of 16 years, and that, now that the said minor has arrived at the age of 16 years, he is entitled to a trial by jury.

[1-3] Act April 23, 1903 (P. L. 274), "defining the powers of the several courts of quarter sessions of the peace, within this commonwealth, with reference to the care, treatment and control of dependent, neglected, incorrigible and delinquent children, under the age of sixteen years," and providing for the means in which such power may be exercised, was before the Superior Court, and by appeal to the Supreme Court, of Pennsylvania, in the case of Commonwealth v. Fisher, 27 Pa. Super. Ct. 175, and 213 Pa. 48, 62 Atl. 198. In that case the constitutionality of the act was attacked from every quarter, and its legality was sustained in both appellate courts. Those decisions of the highest courts of the state are binding upon the federal tribunals. The court there held that the right of trial by jury is not invaded by the act in question, and that there is no trial for any crime; that the very purpose of the act is to prevent a trial, though, if the welfare of the public requires that the minor shall be tried, power is not taken away from the quarter sessions by the express provisions of section 11. The act was well justified by the Supreme Court, when it said:

"There is no probability, in the proper administration of the law, of the child's liberty being unduly invaded. Every statute which is designed to give protection, care, and training to children, as a needed substitute for parental authority and performance of parental duty, is but a recognition of the duty of the state, as the legitimate guardian and protector of children where other guardianship fails. No constitutional right is violated, but one of the most important duties which organized society owes to its helpless members is performed just in the measure that the law is framed with wisdom and is carefully administered."

The constitutionality of the act being thus upheld, we turn to the facts of the case to determine if the relator's constitutional rights have been invaded. The record of the proceedings of the court under which the child is restrained, was offered in evidence. From this record we find that on September 17, 1913, the said George Yonick was arrested on an information charging him with larceny from a railroad car. It appears that, after hearing by the juvenile court, he was returned to his home on probation; that in 1916, on petition of the probation officer, setting forth that relator and his brothers were dependent and neglected, the children were again brought before the juvenile court, and after hearing were committed to the Allegheny county home finding department. About two months later, on further consideration by the court, George Yonick and two of the other children were released from the home finding department and returned to their mother, under the supervision of the probation officer. On May 23, 1918, George Yonick was again before the court charged as a delinquent, and upon hearing was committed to the Thorn Hill School, where he is still detained. Afterwards, on the 15th of August, 1919, a petition was presented on behalf of the said George Yonick, setting forth certain facts, with the prayer that a hearing be given, agreeably to the act of assembly, to determine why the order committing the said George Yonick should not be revoked and the minor returned to his home. It appears that a hearing was had upon said petition, but as yet the court has rendered no decision thereon.

[4, 5] From this record we see that the minor is in custody by virtue of the order of a court of competent jurisdiction. He was never tried upon the charge of larceny, for which he was originally arrested. The subsequent steps taken before the juvenile court were to save him from this criminal trial. His present commitment is on the ground of delinquency, which in the act means any child, including incorrigible children, who may be charged with the violation of any law of the commonwealth or the ordinance of any city, borough, or township. In the case of Frank v. Mangum, 237 U. S. 309, 35 Sup. Ct. 582, 59 L. Ed. 969, the Supreme Court discusses very fully and with great clearness, the question of deprivation of liberty without due process of law, the meaning of the constitutional provision, and the proper mode of procedure, where the citizen claims his constitutional rights have been invaded. That case holds that under the terms of section 753 of the Revised Statutes (Comp. St. § 1281), in order to entitle the applicant to relief under the writ of habeas corpus, it must appear that he is held in custody in violation of the Constitution of the United States; that he cannot have relief on habeas corpus, if he is held in custody by reason of conviction upon a criminal charge before a court having jurisdiction over the subject-matter of the offense, the place where it was committed, and the person of the prisoner; that, if the proceedings in the courts of a state are based on a law not repugnant to the federal Constitution, and conducted according to the settled course of procedure under the law of the state, so long as it includes notice and a hearing, or an opportunity to be heard, before a court of competent jurisdiction, according to established modes of procedure,

this is "due process of law" in the constitutional sense; and, finally, that habeas corpus will lie only where the judgment under which the party is detained is shown to be absolutely void for want of jurisdiction in the court, either because such jurisdiction was absent in the beginning, or was lost in the course of the proceedings.

Here, undoubtedly, the court had jurisdiction for the humane purpose of saving the child from trial and perhaps conviction on a criminal charge, which otherwise might have resulted in imprisonment as a convict. There is no evidence that he, or any one for him, demanded at any time a trial by jury. The act in question, and the proceedings under it, when regular, are but the exercise by the state of its supreme power over the welfare of its children, acting as parens patriæ, when the natural parents have shown themselves unwilling or unable to properly care for them. The court having original jurisdiction of the child, I do not find that such jurisdiction was lost during the course of the proceedings. Under the Juvenile Court Acts (P. L. 1915, p. 652), a party who feels aggrieved by the judgment of the court may have an appeal to the Superior Court of Pennsylvania. Under the liberal procedure in habeas corpus, a person in custody pursuant to the judgment of the state court may have judicial inquiry in the federal courts into the very truth and substance of the causes of his detention, and, if necessary, to look beyond the record sufficiently to test the jurisdiction of the court under whose order he is restrained. In other words, the record can be attacked if in any way it fails to set forth the truth. Here no such testimony was offered, and hence the correctness of the record must be assumed.

Being unable to find that the restraint of the minor is in violation of his rights under the Constitution of the United States, the minor must be remanded; and it is accordingly so ordered.